## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. | : | Case No. 1:22-cv-478 |
| BURAK YAHSI, | : | |
| | : | Judge Matthew W. McFarland |
| Plaintiff/Relator, | : | |
| | : | |
| v. | : | |
| | : | |
| FESTO DIDACTIC, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Relator Burak Yahsi's Motion to Amend the Complaint (Doc. 33) and Motion for Summary Judgment (Doc. 67). Both matters are fully briefed and ripe for review. (*See* Docs. 34, 36, 75, 83.) For the following reasons, the Court **GRANTS** Relator's Motion to Amend the Complaint (Doc. 33) and **DENIES AS MOOT** Relator's Motion for Summary Judgment (Doc. 67).

## BACKGROUND

This civil action commenced on August 18, 2022, when Relator filed a sealed qui tam Complaint (Doc. 1). On March 22, 2024, the United States filed a Notice of Election to Decline Intervention (Doc. 10). And, on March 28, 2024, the Court filed an Order (Doc. 11) directing that the Complaint be unsealed and served upon the Defendant by Relator. Defendant filed its Answer (Doc. 22) on July 22, 2024.

Implementing the deadlines specified by the parties in their Rule 26(f) Report (Doc. 24), the Court entered the Calendar Order (Doc. 26) on September 30, 2024. The Court specified a deadline of February 14, 2025, for motions to amend the pleadings. (Calendar Order, Doc. 26, Pg. ID 146.) Relator filed two Motions for Extension of Time (Docs. 31, 32)—both unopposed by Defendant—requesting additional time to file a motion to amend his Complaint. The Court granted these motions, extending the deadline for motions to amend the pleadings to March 7, 2025. (*See* 2/13/15 Notation Order; 2/28/25 Notation Order.) On March 7, 2025, Relator timely filed his Motion to Amend Complaint (Doc. 33). Defendant filed a Response in Opposition (Doc. 34) on March 28, 2025, to which Relator filed a Reply (Doc. 36) on April 11, 2025. And, on July 28, 2025, Relator filed his Motion for Summary Judgment (Doc. 67). Defendant filed a Response in Opposition (Doc. 75) on August 29, 2025, to which Relator filed a Reply (Doc. 83) on October 9, 2025.

## LAW

Federal Rule of Civil Procedure 15 dictates that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The liberal granting of amendments promotes the resolution of cases on their merits—not the technicalities of pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). In deciding a motion to amend, courts may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In considering

2

whether the movant unduly delayed, there is "a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline" *Frantz Design v. Diamond Orthotic Lab.*, No. 1:19-CV-970, 2020 U.S. Dist. LEXIS 256818, at *6 (W.D. Tex. May 26, 2020); *see also Esper v. Enlow*, No. 3:23-CV-116, 2023 U.S. Dist. LEXIS 190625, at *7 (M.D. Tenn. Oct. 24, 2023) (finding no undue delay where the motion to amend was filed before the court-ordered deadline).

**ANALYSIS**

In its Response, Defendant argues that it will be prejudiced if Relator's Motion to Amend is granted, and that Relator improperly failed to file the proposed amended complaint under seal and with the Government's permission. (*See* Response, Doc. 34, Pg. ID 230–34.) The Court addresses each argument in turn.

I.     **Prejudice Concerns**

Defendant contends that it will be severely prejudiced if the Court allows Relator to amend his Complaint. (Response, Doc. 34, Pg. ID 230–33.) In making this argument, Defendant first asserts as a preliminary matter that Relator unduly delayed filing his Motion to Amend, as the invoices providing the basis for the amendments were produced to Relator's company years earlier in a separate lawsuit in the United States District Court for the District of New Jersey. (*Id.* at Pg. ID 231.) In response, Relator points out that Defendant argued to this Court that the protective order in the New Jersey litigation prevented Defendant from producing the invoices to Relator himself, and that Relator did not obtain the invoices until January 13, 2025—less than 2 months before the Motion to Amend was filed. (Reply, Doc. 36, Pg. ID 247–48; Miller Decl., Doc. 37, ¶ 10.) Relator

3

also notes that after he obtained the document production that included the invoices in question, his counsel worked diligently to review them but fell ill, causing a brief but excusable delay in the review that led to the determination that an amendment was necessary. (Motion to Amend, Doc. 33, Pg. ID 191.)

The Court first observes that the initial deadline for Relator to file a motion to amend was agreed to by both Relator and Defendant, that both of Relator's motions to extend this deadline were unopposed by Defendant, and that Relator met the extended deadline in filing his Motion to Amend. (*See* Rule 26(f) Report, Doc. 24, Pg. ID 142; Unopposed Motions for Extension of Time, Docs. 31, 32; Motion to Amend, Doc. 33.) Thus, Relator is entitled to a presumption of timeliness in filing his Motion to Amend. Additionally, as best as the Court can discern, Defendant did not produce the invoices giving rise to the proposed Amended Complaint until January 13, 2025 — less than two months before the extended deadline for amendments, and only a month before the original deadline. Therefore, aside from a brief delay due to Relator's counsel's illness, any delay on the part of Relator in filing the Motion to Amend was attributable to Defendant's delay in producing the invoices. Accordingly, because Relator filed his Motion to Amend prior to the agreed deadline, and because Relator did not cause any significant delay, there was no undue delay by Relator in filing his Motion to Amend. *See Aloi v. Moroso Inv. Partners, LLC*, No. 11-2591, 2013 U.S. Dist. LEXIS 182055, at \*21 (D. Md. Dec. 31, 2013) (observing that "it appears that Plaintiff's belated filing is largely attributable to Defendant's delay in responding to discovery requests, rather than Plaintiff's lack of diligence"); *see also Cordle v. Enovis Corp.*, No. 0:23-CV-93, 2024 U.S. Dist.

4

LEXIS 62683, at *7 (E.D. Ky. Jan. 11, 2024) (noting that "the Sixth Circuit has routinely held that delay alone is not enough to bar a motion to amend").

Next, Defendant asserts that Relator's proposed Amended Complaint will create substantial prejudice because it adds "new claims which materially differ from the sole cause of action asserted in the Operative Complaint." (Response, Doc. 34, Pg. ID 232.) Specifically, Defendant contends that "[w]hile the Operative Complaint's solitary count asserts *pre-Contractual fraud*, Relator's three new proposed claims sound in *post-Contract-signing fraud*." (*Id.*) Thus, Defendant argues that additional discovery would be needed if the Court grants Relator's Motion to Amend. (*Id.* at Pg. ID 232–33.) In response, Relator argues that the additional claims in the Amended Complaint are premised on the same theory as the sole claim in the original Complaint, as the invoices upon which the added claims are premised stem from the same contract identified in the original Complaint. (Reply, Doc. 36, Pg. ID 246.) Defendant and Relator both inform that substantial discovery has already taken place as to the additional claims in Relator's proposed Amended Complaint. (*Id.* at Pg. ID 249; Response, Doc. 34, Pg. ID 232–33.)

Courts have found undue prejudice where a proposed amended complaint alleges new claims which relate to a different time period and an entirely different set of facts, as well as where it brings new claims that would require significant new discovery. *See Shirk v. Fifth Third Bancorp*, No. 1:05-CV-49, 2008 U.S. Dist. LEXIS 111266, at *7 (S.D. Ohio Sep. 4, 2008) (collecting cases). The Court agrees with Relator that the proposed Amended Complaint brings additional claims that relate to the same contract upon which the original Complaint is premised, so the timeframe and factual basis in the proposed

Amended Complaint do not differ from that of the original Complaint. (*See* Proposed Am. Compl., Doc. 33-1, Pg. ID 218–21 (outlining claims for the use of fraudulent invoices to induce payment by the United States under the same contract discussed in the original Complaint).) And, given that substantial discovery relating to these claims has already taken place, any discovery left for the parties to complete appears to be minimal. Accordingly, the Court finds that allowing Relator to amend his complaint would not unduly prejudice Defendant. *See Ginsberg v. Gov't Props. Tr.*, No. 07-CV-365, 2008 U.S. Dist. LEXIS 63006, at *6 (S.D.N.Y. Aug. 13, 2008) (granting motion to amend complaint where "the claims in the proposed amendment arise out of the same agreement that is the subject of the underlying complaint—thereby minimizing the need for significant additional discovery"). For all these reasons, granting Relator's Motion to Amend would not cause undue prejudice.

## II.     Filing Concerns

Defendant next contends that Relator's Motion to Amend should be denied because he did not file his proposed Amended Complaint under seal. (Response, Doc. 34, Pg. ID 233–34.) In response, Relator argues that filing the document under seal was not required pursuant to the Court's Order (Doc. 11) which unsealed this case and provided that "all pleadings filed and orders entered subsequent to entry of this Order shall not be under seal." (Reply, Doc. 36, Pg. ID 249–51 (citing Order, Doc. 11, Pg. ID 65).) Further, Relator argues that even if he were required to file his proposed Amended Complaint under seal, this would not be a proper reason to deny his Motion to Amend. (*Id.* at Pg. ID 251.)

6

In False Claims Act cases, "[w]here a complaint makes 'new and substantially different' allegations of fraud, a relator may be required to re-seal the amended complaint." *United States ex rel. Lynn v. City of Detroit*, No. 17-14168, 2022 U.S. Dist. LEXIS 9108, at *14 (E.D. Mich. Jan. 18, 2022) (quoting *United States ex rel. Kolchinsky v. Moody's Corp.*, 162 F. Supp. 3d 186, 198 (S.D.N.Y. 2016)). The rationale behind this sealing requirement is that the Government should have the opportunity to review the allegations prior to intervention in order to discern whether it is already investigating the claims and to prevent alleged wrongdoers from obtaining knowledge that they are or were under investigation. *Id.* Thus, the sealing requirement does not apply to amended complaints where the government is already on notice of the claims added in the amended complaint. *Id.*

Here, as discussed above, the proposed Amended Complaint brings additional claims that relate to the same contract upon which the original Complaint is premised. While these claims are new, they are not substantially different from the claim brought in the original Complaint because they relate to the same contract and alleged fraudulent conduct. The Government had the opportunity to review these allegations and declined to intervene in this matter. (*See* Government's Notice of Election to Decline Intervention, Doc. 10.) In any event, the Government requested that the Court order that all further pleadings be filed on the public record, and the Court granted this request. (*See id.*; Order, Doc. 11, Pg. ID 65.) Accordingly, Relator's filing of the proposed Motion to Amend on the public record does not warrant denial of his Motion to Amend.

7

Finally, Defendant argues that Relator's Motion to Amend should be denied because he filed the proposed Amended Complaint without the permission of the Government. (Response, Doc. 34, Pg. ID 233–34.) In response, Relator argues that there is no requirement that he disclose his proposed Amended Complaint to the Government prior to filing it. (Reply, Doc. 36, Pg. ID 251–52.) Relator notes that the relevant statute requires him to serve on the Government a copy of the Complaint and a written disclosure of "substantially all material evidence and information" relating to the claims, but that it does not require prior disclosure of a complaint before filing. (*Id.* at Pg. ID 252 (citing 31 U.S.C. § 3730(b)(2)).)

In arguing that Relator needed to disclose his proposed Amended Complaint to the Government prior to filing his Motion to Amend, Defendant quotes a case where an out-of-circuit court found that "the matters which can be raised by the plaintiff may well be limited to those set out in the Disclosure Statement." (Response, Doc. 34, Pg. ID 11, n. 4 (quoting *United States ex rel. Stone v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 401 (D. Colo. 1992)).) Defendant's argument here presents three problems. First, the case Defendant cites does not support the contention that Relator was required to disclose the proposed Amended Complaint to the Government and seek its approval prior to filing the Motion to Amend. Second and relatedly, Defendant does not cite, and the court is unaware of, any other authority supporting its contention that disclosure and permission were required. Third and finally, Defendant does not cite, and the Court has not found, anything on the record to suggest that Relator failed to disclose all material evidence and information in his possession relating to the claims in this case. Accordingly, Relator's

decision to not disclose the proposed Amended Complaint prior to filing his Motion to Amend, as well as his decision to not seek the Government's permission to amend his Complaint, do not warrant denial of his Motion to Amend.

\* \* \*

Before concluding, there is one final matter for the Court to address. Relator's Motion for Summary Judgment (Doc. 67), which relates to his original Complaint (Doc. 1), remains pending. As Relator will soon file an Amended Complaint, any motion pertaining to the original Complaint is subject to dismissal as moot. *Clark v. Johnston*, 413 F. App'x 804, 811 (6th Cir. 2011) (noting that "[w]hen a pleading is amended . . . the amended pleading supersedes the original pleading, . . . the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading"); *Dawkins v. W. Chester Twp.*, No. 1:23-CV-464, 2024 U.S. Dist. LEXIS 162610, at \*5 (S.D. Ohio Sep. 10, 2024); *Cowan v. Nationwide Mut. Ins. Co.*, No. 2:19-CV-1225, 2019 U.S. Dist. LEXIS 243172, at \*5 (S.D. Ohio Aug. 15, 2019). Therefore, Relator's Motion for Summary Judgment (Doc. 67) is denied as moot.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Relator's Motion to Amend the Complaint (Doc. 33) is **GRANTED**;

2. Relator's Motion for Summary Judgment (Doc. 67) is **DENIED AS MOOT**;

3. Relator **SHALL FILE** his First Amended Complaint within 7 days of this Order; and

9

4.  The parties, including the Government, **SHALL FILE** a joint status report within 14 days of this Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND